IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| VESI INCORPORATED, | : | Case No. 1:19-cv-696 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| VERA BRADLEY DESIGNS, INC., | : | |
| Defendant. | : | |

---

**ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (Doc. 56)**

---

This matter is before the Court on the parties' Joint Motion to File Documents Under Seal (Doc. 56) and Plaintiff's Unopposed Motion for Extension of Time to File Response/Reply (Doc. 57). Plaintiff Vesi Incorporated brought this action against Defendant Vera Bradley Designs Inc. alleging a breach of fiduciary duty, unfair competition, defamation, and tortious interference with prospective business relationship. Defendant answered and counterclaimed breach of contract against Plaintiff Vesi Incorporated and Counterclaim Defendants Gregory Visconti and Dale Davidson ("Counterclaim Defendants").

The parties seek to file multiple exhibits used during three depositions under seal. The exhibits contain Defendant's trade secrets, such as business models, plans and proposals, financial analysis of proposed business relationships, and contractual agreements between Defendant and multiple entities not party to this litigation. The

1

parties contend that Defendant has a compelling interest in keeping the documents sealed due to the amount of trade secrets contained in each exhibit and that their request is narrowly tailored because it is limited to a small subset of exhibits used during only three depositions.

The Sixth Circuit recognizes the strong presumption in favor of openness as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (6th Cir. 2016). Two broad categorical exceptions to that presumption apply when restricting access is necessary to (1) promote the order and dignity of the courtroom or (2) protect competing interests, including the privacy interests of participants or third parties. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).

The proponent of sealing any part of the court record has the heavy burden of overcoming the presumption of public access. It must explain why each document should be kept secret, supporting its case with reasons and legal citations. *Shane Grp.*, 825 F.3d at 305. "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The greater the public's interest in the litigation's subject matter, the greater showing necessary to overcome the presumption of openness. *Shane Grp.*, 825 F.3d at 305. And when a party does show a compelling reason why certain documents should be sealed, the seal must be narrowly tailored to promote that purpose. *Id.* "And, typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption." *Reese ex rel. Fifth Third Bancorp v. Carmichael*, 1:20-cv-886, 2020 WL 6810921

2

at *1 (S.D. Ohio Nov. 16, 2020).

In turn, this Court must also lay out its findings and conclusions that justify sealing court records from public disclosure. Specifically, the court ordering records to be sealed must say "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306.

The parties contend, and the Court agrees, that each exhibit contains many different trade secrets of Defendant. Each exhibit contains information that derives independent economic value by not being generally known to others and is subject to efforts by Defendant to maintain its secrecy. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Thus, the parties show the compelling reason for why the documents should be sealed. *Reese*, 2020 WL 6810921 at *1.

Also, the Court finds that the parties' interest in keeping a corporation's trade secrets confidential outweighs the public's lesser interest in full access to the judicial records. Because the exhibits contain trade secrets regarding Defendant's business practices and relationships with other entities not party to this litigation, the general public would never have access to this information. Thus, the public interest in full access to the exhibits is slight. *See, In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Lit.*, 499 F. Supp. 3d 505 (S.D. Ohio 2020). Therefore, parties' interest in keeping the trade secrets confidential outweighs the public's lesser interest in public access to the trade secrets.

Lastly, the parties' request is narrowly tailored. The exhibits only come from three

3

of the many depositions taken in this case. The parties are also not seeking to seal each exhibit from the three depositions. The parties only request the Court to seal only sixteen (16) exhibits over the course of three depositions. Thus, this request is narrowly tailored.

For the foregoing reasons, the parties' Joint Motion to File Documents Under Seal (Doc. 56) is **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal the following materials:

1) Exhibits MM, NN, QQ, TT, ZZ and DDD to Stephanie Lawrence Individual Deposition (Doc. 75);

2) Exhibits 11, 19, 20, and 24-28 to Stephanie Lawrence Rule 30(b)(6) Corporate Deposition (Doc. 73); and

3) Exhibit 19 and 42 to Alyson Bohren Rule 30(b)(6) Corporate Deposition (Doc. 71).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND